UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 10-21-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| STEPHEN A. ESWAY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is pending for consideration of Defendant Stephen Esway's motion *in limine* [Record No. 30] to exclude evidence of any transactions beyond the specific transaction detailed in paragraph 10 of the superseding indictment. For the following reasons, the defendant's motion will be denied.

### I.   Background

The defendant is charged with a single count of wire fraud in violation of 18 U.S.C. § 1343. The United States alleges that Stephen Esway carried out a scheme to defraud Staples by: purchasing expensive computer software products from Staples; copying the Universal Product Code (UPC) symbols from those products; returning the expensive merchandise; purchasing similar, but less expensive versions of the products; affixing the UPC of the more expensive product to the cheaper product; and returning the cheaper product for the value of the more expensive product. [Record No. 23, ¶¶ 4-7] The superseding indictment charges that from May 2001 through December 2008, the defendant devised and executed the scheme to defraud

-1-

Staples. [Record No. 23, ¶¶ 3, 8] Finally, the superseding indictment asserts one incident on June 28, 2007, during which Esway executed the scheme by the use of credit card.

Esway seeks to prevent the government from presenting evidence concerning any transaction other than the June 28, 2007 transaction. However, the United States intends to present evidence of other fraudulent returns Esway made to Staples between 2001 and 2008. The United States also intends to introduce records from Staples and Esway's credit cards which show the pattern of behavior alleged — returning less expensive products with a forged UPC for a higher value. Those records contain evidence of transactions other than the June 28, 2007 transaction.

**II.     Analysis**

Esway argues that evidence of other transactions should be excluded because: (1) it constitutes a variance from the superseding indictment; and (2) it is irrelevant under FRE 403 and causes an unfair inference of guilt. In response, the United States argues that the evidence does not constitute a variance. Instead, it is relevant to establish the scheme that is specifically described in the superseding indictment. The United States also contends that, to the extent the other transactions constitute "other acts," they are admissible under Rule 404(b) of the Federal Rules of Evidence as proof of intent.

"A variance occurs when 'the charging terms [of the indictment] are unchanged, but the evidence at trial proves facts materially different from those alleged in the indictment.'" *United States v. Hathaway*, 798 F.2d 902, 910 (6th Cir. 1986) (quoting *United States v. Castro*, 776 F.2d 1118, 1121 (3d Cir. 1985)). In contrast, an amendment occurs when there is a change, whether

literal or effect, in the actual terms of the indictment. *United States v. Beeler*, 587 F.2d 340, 342 (6th Cir. 1978). A variance can rise to the level of a constructive amendment when "the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment." *Hathaway*, 798 F.2d at 910. The defendant has the burden of proving that a variance exists and that such a variance is "fatal" — that the variance affected substantial rights or rose to the level of a constructive amendment. *United States v. Barrow*, 118 F.3d 482, 489 (6th Cir. 1997).

In the present case, the defendant wishes to exclude evidence of all transactions other than the June 28, 2007 transaction. However, he cannot logically argue that the superseding indictment did not put him on notice that the alleged scheme was broader than the single June 28th transaction or that evidence beyond that transaction would not be introduced. The superseding indictment specifically alleges that Defendant developed and executed a scheme to defraud from May 2001 until December 2008 at Staples stores in sixteen different states. All the evidence the United States has described fits within that time frame and scheme. Charging the defendant with wire fraud for only one transaction in the midst of a broad scheme does not necessarily narrow the scope of the scheme. The facts the government has proffered fit plainly within the facts and scheme alleged in the superseding indictment and do not constitute a variance.

Further, such evidence is relevant to the charged offense. In order to convict Esway for wire fraud, the United States must prove: (1) a scheme or artifice to defraud; (2) use of interstate

wire communications in furtherance of the scheme; and (3) an intent to deprive a victim of money or property. *United States v. Daniel*, 329 F.3d 480, 485 (6th Cir. 2003). A scheme to defraud includes any plan or course of action by which someone intends to deprive another by deception of money or property by means of false or fraudulent pretenses, representations, or promises. *United States v. Daniel*, 329 F.3d 480, 485 (6th Cir. Ohio 2003). The United States has alleged a broad scheme to defraud Staples — a scheme spanning seven years and sixteen states. The superseding indictment only contains one specific instance in which the defendant used wire transmissions in the execution of that scheme. However, evidence concerning other actions within that scheme, even if not being alleged as independent acts of wire fraud, are relevant to proving the alleged scheme or artifice to defraud. The United States has the burden of proving that a scheme existed, and the evidence offered is relevant to proof of that element.

**III.    Conclusion**

The evidence the United States seeks to offer is both alleged in the superseding indictment and relevant to the proof of an essential element of the crime charged. Accordingly, it is hereby

**ORDERED** that the defendant's motion *in limine* [Record No. 30] is **DENIED**.

This 27th day of September, 2010.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge